1747 The appellant has waived the argument, so we will hear a statement from the Attorney General, Mr. Osborne. Thank you. Good morning. May it please the Court, Mr. Guillory is an extraordinarily sympathetic veteran who suffered a devastating injury during combat in Vietnam in 1966. Mr. Guillory deserves all of the veterans' benefits to which the law entitles him. However, notwithstanding his claims that the RO committed clear and unmistakable error, Mr. Guillory has received the correct amount of disability benefits in the past from the VA, and continues to receive the correct amount of disability benefits from the VA at this time. I think he could have done a better job of explaining this. As I understand it, it took him quite a while to figure this out. In 1966, he had to have an OVA to get the AMA benefits, right? That was true until the law changes, right? And what he's saying is that he should treat his foot and leg, or use of his legs, separately. And you say that would be the point, that it would be purely that he can't do that, or he can't get an OVA. That certainly could be argued by him. As I understand it, however, as of 1979, you agreed that he was entitled to an NRA. And you agreed there would be an N and a half entitled to the AMA. Plus K. Yes, he had the K. Yes. I think it's fair to say that's one of his arguments. Why is that wrong? Well, it's wrong. Why is his argument wrong? Yeah. His argument, that argument is wrong for a couple of reasons. Number one, there is no evidence in the record that he is entitled to another NRA. The regulations, and specifically under 38 CFR section 3.35 of, under the first part there, which deals with subsection K, it's clear that you can get an additional K rating for buttocks, even when you have a disability rating for the leg. However, it's also clear that for a buttocks rating, it is directly related to an evaluation of the disability under muscle group 17. And there's no evidence in the record at all that he has an injury in muscle group 17. It has to be bilateral for both buttocks. And, in fact, it says it has to be a severe rating, a 40% rating, in order to entitle the veteran to a, that would just give him a K rating. Okay? That doesn't mean he would get the half intermediate step. In order to get the half intermediate step, he would have to qualify under section 3.35 of F3 or 4. 3 would be easier than 2. And that would require a 50% impairment. And while the law changed in 1967 to say simply because you have an impairment under subsection K, you can still get an intermediate step. That wasn't the law prior to 67. Under subsection 3, it is very clear that the injury must be to a separate anatomical system or injury. Well, I don't, you know, that, of course, that question is not specifically addressed in the analysis that we have by the RIO Board. But I would think not. I think it would all be part of the same injury. So that even if he was entitled under subsection K, which there's no evidence that he is, but even if he was, he would still not be entitled to the intermediate step under section 3.35 of F3. Because it's all connected with the same injury. I don't know. Under the regulation, you're talking about K compensation. It says that you should treat them separately. Well, it said in what the regulation, as I read, Your Honor, says is that if you have an injury to the bilateral buttocks such that it is to muscle group 19 and you have the appropriate evaluation indicating that it's severe, which would be about a 40% impairment, then you're entitled to an additional K rating. But an additional K rating does not entitle you to the intermediate step to reach the O plus K level or the N and a half plus K level unless it meets the criteria under section 3.35 of F3. And that criteria requires, among other things, that it be a separate injury. For example, blindness in the eye and a foot, or in this case, the arm and the foot, which he also had. The buttocks is really simply an extension of the same injury that he had, the sciatic nerve injury, that caused his devastating incapacity to do both of his legs. Okay, but it's still very complicated. It's not our business. We can decide how to apply this. But the question is whether there's some reason to believe that there was a miscalculation. Even if we accept the notion that as of 1966, the decision was not correct because you had to have an O rating at the time, suppose that as of 1979, as a result of the change in the law, he became entitled to an N and a half rating and should have had ANA. Is that something which is involved in this case? Is it something that's open to him to pursue in the future? Does he have to have made a claim for it? Or is he obligated to be given the ANA once he becomes entitled to it under the new law? That's a number of different questions. I think I understand your question. And I think that there's no question that if he had N and one half plus K as of 1979, he is entitled to be in attendance from 1979 to 1991. He has, of course, received the attendance compensation from 1991 to the current time. The board's evaluation and the Veterans Court's evaluation of the board's assessment of the RO's evaluation both indicate that he was not entitled to N plus N and N and a half plus K, that he was only entitled to N plus K. Well, I didn't see that they addressed that. Where did the board address that? Well, the board addresses it in several different places in both the 2003 and the 2006 board decisions. The 2003 decision, as this board made very clear in its decision, is certainly more explicit in terms of the detail. But what the board said in the best analysis is on page 106 of the record, which is the board's 2003 opinion. And in there, the board goes very carefully into why the primary rating, and I'm talking about the primary or lower extremities, was an M under Section 1114M as opposed to N, indicating that he qualified under subsection M for that rating but not under N. And then the board goes on to talk about, well, you have to add to that an intermediate step because of the change in the law in 1978 for triplegian, which allowed an intermediate step, and because of the other change that the board found in 1977, which was that, as effective as of 1967, the law allowed K rating to also qualify for an intermediate step. So that's what brought him up to N. But where does it talk about the bugs that he not entitled to an M that he hadn't mentioned? Well, if you look at the very next paragraph on 106, it says, moreover, the veteran did not have additional independent 50% disabilities which were separate and distinct and involved different anatomical segments or bodily systems from the conditions established in entitlement under 38 U.S.C. Section 314L through N. That's really the analysis. Now, it doesn't mention the buttocks specifically. However, that is mentioned in the 2003 decision on page 112 of the record, which this court cited in its 2010 decision, where in the last sentence of the last two sentences of the last paragraph there, it says the board further notes that the veteran claims that he was not compensated for the loss of use of both hips, thighs, and buttocks. In this regard, it is noted that his rate of special monthly compensation at a minimum has been evaluated under subsection M. Such provisions take into account the veteran's lower extremity complaints. So there's the analysis of the board that the buttocks has been looked into as a possible additional basis for further compensation that Mr. Hillary did not qualify for. Yeah, but I'm not sure that they're referring there to whether it would have changed things in 1966 or whether it would have changed things when the law was changed in 1978. Well, I think if you read the 2003 decision, first it analyzes it under the original law and then goes through the legal changes. And the question boils down to the same thing, is that if he's entitled to additional compensation for his buttocks, he's entitled to additional compensation for the buttocks. But the board, both in 2003 and in 2006, felt that he was not. There's nothing in the record which, as regulation 3.350 points out, indicates that he had the muscle disability rating which is necessary for a K-finding for the buttocks. But as I said earlier, I don't want to repeat myself, but that alone is not enough to give him another half intermediate step because it doesn't qualify under subsection F3 of section 3.350. Are we talking here about interpreting various statutory or regulatory provisions, or are we talking about the facts? Strictly the latter, Your Honor. These are all strictly factual determinations. The bottom line here is that Mr. Gilderly had his set of injuries. They were severe, devastating injuries. There's no question about that. And he says that those injuries qualify him for a higher rating than the RO and the board determined that he was entitled to. And it's simply an application of those facts to the law as it exists to determine what his appropriate rating is. And that simply is not something this court has jurisdiction to review. But we have jurisdiction to tell the board to make that determination. Yes, that is true. But then you get to the question of was it clear and unmistakable error, which, of course, as the court will notice, is a far different standard than simply something on direct review. And there's simply no clear and unmistakable error here. Well, maybe not, but my problem is that I don't see that the board has clearly addressed this argument that he's making about the laws and the change in the law in 1978. Nor do I see that the Veterans Court has clearly addressed that argument. In fact, that was part of the problem before was that this whole argument had been addressed. Well, the argument before was – I mean, this court was absolutely right. I mean, the Veterans Court had said that it didn't have jurisdiction and we're not going to consider the argument. And this court said, yes, you do have jurisdiction because this argument was raised before the board. And now we want you, the Veterans Court, to evaluate the board's decision. And that's what the Veterans Court did. I don't see that they addressed the thought of the argument. I mean, am I wrong? Oh, they addressed it. Well, they addressed it. Well, I can't show you anything in greater detail for the 2003 decision that I did. The 2006 decision – How much do you know about the Veterans Court? Well, the Veterans Court was merely stating that the board did issue it. Yeah, but where does the Veterans Court talk about the public's argument? Were you in Thailand after 1978? Well, the Veterans Court says – first of all, on page 149 of the record, it states that – it's about midway through the first paragraph – a review of the September 2006 board decision indicates that Mr. Gilroy did, in fact, raise this issue on remand, and the board entrusted in that decision. So this is a starting point. But the main sentence that they made is the first full sentence on the top of page 151, and the following sentence where the Veterans Court states, it is clear from the board's discussion that the prior regional office decisions accounted for Mr. Gilroy's complaints regarding the loss of use of his right and left trunk through the knees, including the buttocks, when they evaluated his condition under subsection M. In fact, Mr. Gilroy – That's the problem. The problem is that it was treated as – it wasn't treated as something separate. And this is not addressing the argument that it should have been treated as something separate and that after 1978 that would have given an end to what they had. But, Your Honor, if I could just point you to the other statement, which I think is very important, in addition to that, which is in the prior page where they're quoting the board's decision on page 150. Prior to May 1991, there is no evidence of records showing that Mr. Gilroy's service-connected disabilities exceeded the requirements of subsection M, thus an intermediate rate under subsection P was not warranted. And granted, that is a very global statement, but as the Veterans Court read it, it's an indication that the board did indicate from all the evidence of the record that it didn't see anything indicating at any time that he was entitled to more – or was entitled to even attendance prior to 1991, which would include the argument that he was not entitled to an extra intermediate step based upon the buttocks. It probably does not have the specificity of the analysis that Your Honor would like to see in that. But I think between the jurisdictional problems and the CUE issue, the Veterans Court was satisfied. They looked at the buttocks and they tried to evaluate what he was entitled to because of the buttocks and concluded that it was evaluated. And, you know, it would be much nicer if we had an explicit analysis, much as we have here today. But, you know, it's like the board did look at the buttocks to make the determination that he wasn't entitled to additional compensation. Thank you very much. Each statement then concludes our argument. All rise.